**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

LACRETTA YVETTE LAMAR,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Plaintiff,　　　　*
v.　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
ANDREW SAUL, Commissioner,　　*　　　　No. 2:20-cv-00158-JJV
Social Security Administration,　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Defendant.　　　　*
　　　　　　　　　　　　　　　　*

## MEMORANDUM AND ORDER

Plaintiff, Lacretta Lamar, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs, Plaintiff has replied, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was forty-six years old at the time of the administrative hearing. (Tr. 36.) She testified she is a high school graduate and attended some technical medical training. (36-37.) The Administrative Law Judge (ALJ) determined she had past relevant work at a certified nurse's aide and packing line worker. (Tr. 21.)

The ALJ[1] first found Ms. Lamar had not engaged in substantial gainful activity from the alleged onset date of June 15, 2016. (Tr. 13.) She has "severe" impairments in the form of degenerative disc disease, carpal tunnel syndrome, neuropathy, bipolar disorder, anxiety, and obesity. (*Id*.) The ALJ further found Ms. Lamar did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-14.)

The ALJ determined Ms. Lamar had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 14.) The ALJ then assessed that Plaintiff could no longer perform her past relevant work, so he ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 55-58.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of document preparer and table worker. (Tr. 22.) Accordingly, the ALJ determined Ms. Lamar was not disabled. (*Id*.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff raises a number of issues for reversal – all relating to the ALJ's residual functional capacity assessment. (Doc. No. 13 at 4-20.) Most persuasive is her argument regarding the opinions of her treating physician, L. J. Patrick Bell, D.O. The treatment notes from Dr. Bell are fairly extensive and show Plaintiff presented to address persistent issues, including neuropathy. Dr. Bell provided a Medical Assessment whereby he reported Plaintiff would be very limited in her ability to perform work related activities. (Tr. 601-603.) Dr. Bell's assessment is comprehensive and notes both physical and mental limitations. Dr. Bell's conclusions are supported by the medical records. (Tr. 359-360, 367, 371, 373, 415, 512.) But in addressing Dr. Bell's assessment, the ALJ only stated, "The undersigned finds that this opinion is not persuasive, as it is not supported by objective findings in the physician's treatment records, and is based on the claimant's reports of symptoms [Tr. 371-380]." (Tr. 20.)

A review of the treatment records cited by the ALJ show Dr. Bell's assessments include neuropathy, frequent falls, chronic back issues. (Tr. 373, 376, 379.) Moreover, these records cited by the ALJ span from only May 2016 to March 2018. There are more recent records that should have been considered when assessing the weight that should be given to Dr. Bell as Plaintiff's treating physician. (Tr. 499-523, 576-592.)

"The opinion of a treating physician is accorded special deference under the social security regulations" and is "normally entitled to great weight." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (quoting *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010)). It is true, however, that an ALJ may assign "little weight" to a treating doctor's opinion when it is internally inconsistent or conclusory. *Id.* (citing *Chesser v. Berryhill*, 858 F.3d 1161, 1164-65 (8th Cir.

3

2017)).  The United States Court of Appeals for the Eighth Circuit has held the assessments of treating doctors possess "little evidentiary value" when they "consist of nothing more than vague, conclusory statements – checked boxes, circled answers, and brief fill-in-the-blank responses" and "cite no medical evidence."  *Id.* (citing *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)).

Here, Plaintiff's treatment records fairly support her treating doctor's opinion regarding her limitations.  Accordingly, I find the Commissioner's decision is not supported by substantial evidence and must be remanded for further development of the record.  Although the Commissioner correctly points out some good reasons to support the ALJ's determination, I find the ALJ improperly dismissed the assessment of Dr. Bell.

Accordingly, I find the Commissioner should reconsider Dr. Bell's assessment and fully consider all of his treatment notes.  On remand, the Commissioner should also consider whether or not Plaintiff's residual functional capacity should include the use of a walker and the impact of her mental impairments.

Counsel for both sides has admirably represented their respective sides in this case.  But I find this case must be remanded.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 15th day of March 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE